**KOBAYASHI SUGITA & GODA, LLP**
DAVID M. LOUIE        2162
JESSE W. SCHIEL      7995
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone:  (808) 535-5700
Facsimile:  (808) 535-5799
E-mail:     dml@ksglaw.com;
          jws@ksglaw.com

Attorneys for Movant
PACMAR TECHNOLOGIES LLC f/k/a
MARTIN DEFENSE GROUP, LLC f/k/a
NAVATEK LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>MARTIN KAO,<br><br>        Defendant. | CR. NO. 21-00061 LEK<br><br>PACMAR TECHNOLOGIES LLC'S RESPONSE TO OBJECTIONS TO AND APPEAL FROM DISPOSITIVE ORDER [DOCUMENT 92] OF MAGISTRATE JUDGE; EXHIBITS A AND B; CERTIFICATE OF SERVICE |

# TABLE OF CONTENTS

**Page**

I.    Introduction.................................................................................1

II.   Relevant Background......................................................................3

    A.    Factual Background.................................................................3

    B.    Procedural Background ...........................................................5

III.  Standard of Review........................................................................7

IV.   Responses to Specific Objections....................................................9

    A.    The Magistrate Judge's Determination That Defendant Kao
        Does Not Have A Privacy Interest In The Company Cellphone
        Was Not Clearly Erroneous..................................................10

    B.    The Magistrate Judge's Decision To Issue His Ruling While
        Defendant Kao's Criminal Case Is Still Pending Was Not
        Clearly Erroneous...............................................................13

    C.    The Magistrate Judge's Finding That Defendant Kao Had No
        Reasonable Expectation of Privacy In The Company Cellphone
        Was Not Clearly Erroneous..................................................14

    D.    The Company Cellphone Data Is Not Defendant Kao's Work
        Product...............................................................................15

    E.    The Specific Contents of the Cellphone Data Are Irrelevant To
        PacMar's Right To The Return Of The Property..........................17

    F.    No Alternatives to a Complete Return of PacMar's Property
        Were Appropriate. ...............................................................18

V.    Conclusion .................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Mintz v. Mark Bartelstein & Associates, Inc.*,
    885 F. Supp. 2d 987 (C.D. Cal. 2012) .............................................................11

*In re Scranton Housing Authority*,
    487 F. Supp. 2d 530 (M.D. Pa. 2007) ............................................................8, 9

*United States v. Collins*,
    No. 11-CR-00471-DLJ PSG, 2012 WL 3537814 (N.D. Cal. Mar.
    16, 2012) .............................................................................................................8

*United States v. Wahchumwah*,
    710 F.3d 862 (9th Cir. 2013) ...........................................................................11

**Federal Statutes**

U.S.C. § 636(b)(1)....................................................................................................2

28 U.S.C. § 636....................................................................................................7, 9

28 U.S.C. § 636(b)(1)(A) .....................................................................................7, 8

Freedom of Information Act .......................................................................2, 11, 15

**Rules**

Crim. L.R. 12.1 ........................................................................................................7

Crim. L.R. 57.3 ........................................................................................................7

Crim. L.R. 57.4 ........................................................................................................7

Fed.R.Crim.P. Rule 41(g) ...........................................................................1, 3, 6, 15

**PACMAR TECHNOLOGIES LLC'S RESPONSE TO OBJECTIONS
TO AND APPEAL FROM DISPOSITIVE ORDER [DOCUMENT 92]
OF MAGISTRATE JUDGE**

Movant PACMAR TECHNOLOGIES LLC f/k/a MARTIN DEFENSE GROUP, LLC f/k/a NAVATEK LLC ("**PacMar**" or the "**Company**") hereby submits its Response to Defendant MARTIN KAO ("**Defendant Kao**")'s Objections to and Appeal from Dispositive Order [Document 92] of Magistrate Judge ("**Objections**").

## I.     INTRODUCTION

Defendant Kao's Objections to Magistrate Judge Trader's Order Granting PacMar's Motion for Return of Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (the "**Order**") merely restate the same arguments raised before and rejected by Judge Trader.

PacMar's request is simple: a return of its Company Cellphone and/or Cellphone Data[1] following the Department of Justice ("**DOJ**")'s seizure of the Company Cellphone during its investigation into criminal activities perpetrated by Defendant Kao during his employment with PacMar.  The DOJ, who remains in

---

[1] The property at issue is an Apple iPhone 11 Pro (IMEI 353247100759018), associated with the phone number ending in 0371 (the "**Company Cellphone**") and/or the data stored therein (the "**Cellphone Data**").  The DOJ has stated that it does not object to the return of a full copy of the contents of the Company Cellphone, but that it does intend to retain the physical device.  *See* Factual Background, *infra* § II.B.

1

possession of the Company Cellphone, has confirmed that it has no objection to returning the Cellphone Data to PacMar.  The DOJ similarly returned PacMar's servers to it following its investigation into Defendant Kao's criminal conduct.

Defendant Kao has objected to the return of PacMar's property based on a non-existent asserted right to privacy in the data stored on the Company Cellphone, claims which have been proven to be meritless by PacMar's presentation of the applicable policies and conditions which governed Defendant Kao's use of the Company Cellphone at all times that it was in his possession.  Defendant Kao similarly attempts to mischaracterize PacMar's request for the return of the Company Cellphone as a government search for which a warrant would be required—which it is not—and alternatively a request to the DOJ under the Freedom of Information Act—which it also is not.

For the foregoing reasons, as discussed more fully below, PacMar respectfully requests that this Court affirm Judge Trader's Order.[2]

---

[2] As discussed below, PacMar submits that this Court should review Defendant Kao's Objections under a clearly erroneous standard, as is proper under 28, U.S.C. § 636(b)(1).  However, Defendant Kao's Objections fail under either a clearly erroneous or *de novo* standard of review.

## II.   RELEVANT BACKGROUND

### A.   <u>**Factual Background**</u>[3]

Commencing in 2008, and continuing through his tenure as President and CEO, PacMar issued a company cellphone Defendant Kao, for use in PacMar's business operations.  Defendant Kao's receipt and use of the company cellphone was subject to PacMar's company cellphone policies.  *See* **Exhibit 1** to Motion at C-22, ¶ 6 ("If an employee is issued a company cell phone, this may not be used for personal phone calls unless authorized by the Company prior to usage.  <u>**All rules from this policy applies to company issued cell phones.**</u>" (emphasis added)); *see also id.* at C-23, § I ("Computers, computer files, **electronic communication systems**, internet access, and software furnished to employees **are Company property** intended to be used solely for business purposes . . . .  <u>**All work done with Company resources will be owned by the Company or will be deemed assigned to the Company**</u>." (emphasis added)); Motion at Declaration of James Toshizo Ota ("**Ota Decl.**") ¶ 3.  The handbook further provides that "although incidental and

---

[3] Because Defendant Kao raises no arguments that were not presented to Judge Trader—as well as fully briefed and argued—PacMar includes its Motion for Return of Property Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure (the "**Motion**") and Reply in support of the Motion (the "**Reply**") here as **Exhibits A** and **B** for convenience of reference.  References to Exhibits herein are made to the attachments and declarations previously provided with the Motion and Reply.  Additional historical factual background regarding PacMar is provided in the Motion but is not repeated here for sake of efficiency.

occasional personal use of e-mail is permitted by the Company," the Company may access and disclose personal emails. **Exhibit 1** to Motion at C-23, § III. Defendant Kao acknowledged his receipt and understanding of these policies. *See* Acknowledgement of Employee Handbook, attached as **Exhibit 2** to Motion.

From and after 2018, as President and CEO of PacMar, Defendant Kao was responsible for oversight of all of PacMar's business operations, including review and supervision of the development of its products and technologies, communications with external parties in obtaining its contracts and subcontracts, review and oversight of internal processes and procedures related to its employees and management, and various other duties typical of a President and CEO of a federal contractor. PacMar continued to supply Defendant Kao with the use of a company-owned cellphone, subject to the same ongoing policies and conditions of use. *See* **Exhibit 3** to Motion, at § 4.1(a) ("Martin Defense Group sensitive information stored on electronic and computing devices whether owned or leased by Martin Defense Group, a User, or a third party, remains the sole property of Martin Defense Group."); **Exhibit 4** to Motion ("At any time upon request by Company management, the employee **shall produce the mobile device for return** or inspection." (emphasis added)).

Specifically, on or around January 2020, Defendant Kao was issued the subject Company Cellphone. Defendant Kao's Company Cellphone was registered

to a Company business account assigned to Defendant Kao, and was bought and paid for by PacMar (then Navatek LLC). *See, e.g.*, **Exhibit 5** to Motion (addressed to Navatek LLC and showing "Device Payment Agreement" charges of $1149.99 at page 2); Ota Decl. ¶ 2.

In late 2020, around the time the DOJ arrested Defendant Kao, it seized various property, including certain Company property,[4] potentially relevant to Defendant Kao's crimes in the instant case. Among the items seized was Defendant Kao's Company Cellphone.

### B.   Procedural Background

By letter dated December 21, 2022, PacMar, by and through its undersigned counsel, requested that the DOJ return the Cellphone and/or the Cellphone Data, attached as **Exhibit 6** to Motion.

On December 29, 2022, Mr. Nolan, on behalf of the DOJ, responded by email correspondence to the undersigned and Mr. Victor Bakke, counsel for Defendant Kao, advising Mr. Bakke of the DOJ's intention to turn over the requested Cellphone Data to PacMar if no objection was made by 5:00 p.m. on Friday, January 6, 2023. *See* E-mail from C. Nolan, dated Jan. 6, 2023, attached as **Exhibit 7** to Motion.

On Thursday, January 5, 2023, Mr. Bakke informed Mr. Nolan that Defendant

---

[4] The DOJ returned most of the Company assets seized, including the Company's servers, shortly after they were downloaded.

Kao objected to the DOJ's release of the Cellphone or the Cellphone Data to PacMar, but did not explain on what basis the objection was made. *See* E-mail from V. Bakke, dated Jan. 5, 2023, attached as **Exhibit 8** to Motion.

By reply email on January 6, 2023, Mr. Nolan suggested to both counsel that the parties get the issue before the Court through a FRCP Rule 41(g) motion, and that the government would take no position (other than opposing any request to return the actual Cellphone). *See* E-mail from C. Nolan, dated Jan. 6, 2023, attached as **Exhibit 9** to Motion.  PacMar confirmed that it has no objection to the DOJ's return of the Cellphone Data in lieu of the return of the physical Company Cellphone. *See* Motion at 6.

Following the above-described correspondence between the Parties, PacMar filed its Motion for Return of Property on January 25, 2023.  On February 14, 2023, following full briefing of the issue by the Parties, Magistrate Judge Trader issued an Order Granting the Motion, holding:

> 2. The Court adopts the arguments and authorities relied upon by PacMar and finds that the cellular phone previously issued by PacMar to Defendant Kao during his employment with Pacmar, Apple iPhone 11 Pro (IMEI 353247100759018) (the "Company Cellphone"), and all of the business and personal data stored therein (hereinafter the "Cellphone Data"), are the property of PacMar pursuant to PacMar's policies which were acknowledged by Defendant Kao and that Defendant Kao has no reasonable expectation of privacy with respect to the Cellphone Data.

> 3. Having found that PacMar is the owner of the Company Cellphone and Cellphone Data, the Court further finds that PacMar has met the requirements under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of its property and is therefore entitled to the Government's return of the Cellphone Data under Rule 41(g);
>
> 4. Pursuant to the representations made in the Government's Response, the Government shall retain the Company Cellphone, and a copy of the entirety of the Cellphone Data shall be returned to PacMar within thirty (30) days . . . .

Order at 2–3.

## III.   STANDARD OF REVIEW

Under this District's Criminal Local Rules:

> Dispositive motions shall be heard by a district judge and **non-dispositive matters shall be heard by a magistrate judge**, except as otherwise provided or unless otherwise ordered by a district judge.

CrimLR12.1 (emphasis added).   The Local Rules do not explicitly define

"dispositive" vs. "non-dispositive" matters.   However, Criminal Local Rules 57.3

and 57.4 cite to the enabling statute for Magistrate Judge authorities and powers, 28

U.S.C. Section 636.   28 U.S.C. Section 636(b)(1)(A) sets forth the types of motions

that are considered "dispositive":

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except **a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, <u>to suppress evidence in a criminal case</u>, to dismiss or to permit maintenance of a class action, to**

> **dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action**. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (emphasis added).  All other matters are considered under a clearly erroneous standard by a reviewing District Court Judge.  *See id.*  The Motion does not fall within the delineated categories of "dispositive" motions under the statute, and therefore is reviewed under the clearly erroneous standard.

Defendant Kao, on the other hand, asserts that the Motion should be considered as a dispositive motion.  Objections at 6–8.  Defendant Kao cites two cases in support of this assertion, *United States v. Collins*, No. 11-CR-00471-DLJ PSG, 2012 WL 3537814 (N.D. Cal. Mar. 16, 2012), and *In re Scranton Housing Authority*, 487 F. Supp. 2d 530, 534 (M.D. Pa. 2007).  Neither is apposite on this Court's proper standard of review.

In *Collins*, movants sought both the return of seized property *and* the suppression of evidence, one of the specifically enumerated categories of "dispositive" motions under 28 U.S.C. § 636(b)(1)(A).  *See Collins*, 2012 WL 3537814, at *6 ("In arguing for the separation and production of data and return of their non-targeted data and devices, the defendants principally rely on (1) statements made by Judge Jensen at a November 1, 2011 status conference observing that the government may only keep targeted data in its possession and (2) language in the

warrants themselves that compels the return, **deletion of [sic] destruction of any data outside the scope of the warrant** unless otherwise provided by law." (emphasis added)).  In *In re Scranton Housing Authority*, the movant similarly sought to suppress evidence by return of seized property without allowing the United States to retain any of the seized property and specifically prayed for "Unsealing of Affidavit of Probable Cause in Support of Search Warrant, and for Return of Property and Information Seized."  *In re Scranton Hous. Auth.*, 487 F. Supp. 2d at 532.  The *Scranton* opinion specifically held that 28 U.S.C § 636 "does not provide for the referral of [movant's] **entire action**."  *Id* at 535 (emphasis added).

Conversely, the Motion at issue here would not dispose of any or all of the issues in the instant criminal case.  Nor does the Motion seek in any way to suppress evidence in the possession of the DOJ.  As stated previously, PacMar takes no position on the DOJ retaining a copy of any data extracted from Defendant Kao's Company Cellphone.  It merely seeks the return of its property under the applicable procedural process.

## IV.  RESPONSES TO SPECIFIC OBJECTIONS

Whether the Court considers Defendant Kao's objections under a clearly erroneous or *de novo* standard of review, the outcome is the same: PacMar is seeking the return of its property, to which Defendant Kao has no colorable claim of any right of privacy, as demonstrated by the exhibits and discussion in PacMar's Motion

and Reply, and the Court should affirm the return of the Cellphone Data to PacMar. Defendant Kao's specific objections are addressed here, using headings similar to those from the Objections for clarity of reference.

### A.     The Magistrate Judge's Determination That Defendant Kao Does Not Have A Privacy Interest In The Company Cellphone Was Not Clearly Erroneous.

Defendant Kao complains that "while the U.S. has the contents of the phone, the U.S. does not necessarily know how Mr. Kao got the phone, whether he had any other phones, the extent of Mr. Kao's control over MDG and its policies, Mr. Kao's state of mind when he was using the phone, and other matters relevant to the issue of [sic] whether Mr. Kao had a reasonable expectation of privacy."  Objections at 9.

What the DOJ knows or does not know about the history of Defendant Kao's use of the Company Cellphone is irrelevant.  It is undisputed that Defendant Kao was issued the Company Cellphone by PacMar, and PacMar bought and paid for both the Company Cellphone and the associated fees to Verizon.  *See* **Exhibit 5** to Motion.

Defendant Kao has no privacy interest in the Company Cellphone, as it was at all times subject to PacMar's Information System Security Policies and Procedures Manual and Employee Mobile Device Policy.  *See* **Exhibits 1, 3** and **4** to Motion.  Under these policies, PacMar retained a right to "monitor equipment, systems, and network traffic at any time . . . ."  **Exhibit 3** to Motion at 8; *see also*

**Exhibit 1** to Motion at C-23 § I ("Computers, computer files, **electronic communication systems**, internet access, and software furnished to employees **are Company property** intended to be used solely for business purposes . . . . **All work done with Company resources will be owned by the Company or will be deemed assigned to the Company**." (emphasis added)).  PacMar had, at all times, a right to monitor and inspect such data to ensure proper use of the cellphone in furtherance of its business operations and security policies.[5]  *Accord City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010) ("Even if he could assume some level of privacy would inhere in his messages, it would not have been reasonable for [the employee] to conclude that his messages were in all circumstances immune from scrutiny."); *Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 1000 (C.D. Cal. 2012) (explaining "the Supreme Court found [in *Quon*] that the employee 'had only a limited expectation' of privacy in the text messages" but not in the other data associated with an employer-owned cellphone).[6]

---

[5] PacMar, as a federal contractor, is in fact under a heightened duty to maintain the security of its information and equipment, beyond that of a typical private-sector employer.  *See* Reply at Declaration of James Toshizo Ota ("**Ota Supp. Decl.**") ¶ 6.

[6] Defendant Kao also suggests that his relinquishment of the cellphone to the DOJ was voluntary, *see* Defendant Kao's Mem. in Opp. to Motion (the "**MIO**") at 13 ("It is believed Mr. Kao cooperated with the US."), further eroding any claims of an expectation of privacy in the cellphone and its data. *See United States v. Wahchumwah*, 710 F.3d 862, 867 (9th Cir. 2013) ("[A] defendant generally has no privacy interest in that which he voluntarily reveals to a government agent.").

Defendant Kao also attempts to revive his baseless argument that because the Company Cellphone was in his possession, he should be treated as its owner. Defendant Kao goes so far as to ask, "Who at the company at the time Mr. Kao was CEO and owner would have asked Mr. Kao for personal information on his phone?" Objections at 10. These arguments are misguided, as explained in PacMar's Reply:

> PacMar's communications with the DOJ, the DOJ's Response to this Motion [Dkt. No. 84], and the prior conduct of the DOJ in returning PacMar's other property seized at the time of Defendant Kao's arrest all belie these claims. *See, e.g.*, **Exhibit 9** to Motion (suggesting that PacMar file a motion for return of property in order to recover the data in question). Just as the DOJ returned PacMar's servers to it following the arrest of Defendant Kao, *see* Supplemental Declaration of James Toshizo Ota ("**Ota Supp. Decl.**") ¶ 5, which server included all of its employees' data and correspondences stored on it, so now is PacMar simply seeking the DOJ's return of its Company Cellphone.[7] PacMar's servers and company cellphones are both company property and, as it did with PacMar's server, the DOJ is prepared to return the Company Cellphone data to PacMar.[8]

---

[7] PacMar would be entitled to the return of the physical cellphone and all of its contents if not for the DOJ's stated position that the cellphone is being kept for use as evidence in further potential criminal matters.

[8] PacMar's policies treat all company-issued equipment, including computers, servers, accounts, and cellphones in the same way. *See* **Exhibit 3** to Motion at 7 ("Martin Defense Group sensitive information stored on electronic and computing devices whether owned or leased by Martin Defense Group, a User, or a third party, remains the sole property of Martin Defense Group.").

Reply at 4.  If Defendant Kao was using the Company Cellphone for personal use, such use was at his own risk and subject to the Company's policies just the same as any non-business use by Defendant Kao on the Company's server.  Defendant Kao cannot credibly argue that he was unaware of the right for PacMar to inspect the Company Cellphone at all times, as the principal executive officer of the Company, in charge of supervising and overseeing the development, implementation of, and compliance with said policies.  *See* Ota Supp. Decl. ¶ 7.  Defendant Kao had no right to privacy in the device, as the Magistrate Judge correctly found, and his election to use the Company Cellphone for unapproved or personal uses was at his own risk.

### B. The Magistrate Judge's Decision To Issue His Ruling While Defendant Kao's Criminal Case Is Still Pending Was Not Clearly Erroneous.

Defendant Kao's objection regarding the asserted premature timing of the Magistrate Judge's ruling is without merit.  Defendant Kao has already pled guilty to the charges in the instant case, and his testimony is not required for the return of the Company Cellphone.  Since Defendant Kao had no right to privacy in the data on the Company Cellphone, any testimony he may believe he is precluded from giving is irrelevant.  If the Company Cellphone had not been seized by the DOJ, PacMar still would have been entitled to recover the Company Cellphone in its entirety, including all data stored therein, directly from Defendant Kao.  Further, as previously explained, PacMar had a right to inspect the Company Cellphone at all

times that it was in Defendant Kao's possession.  Thus, there is no threat that the return of the Company Cellphone could implicate any of Defendant Kao's rights, Fifth Amendment-based or otherwise.

### C.  **The Magistrate Judge's Finding That Defendant Kao Had No Reasonable Expectation of Privacy In The Company Cellphone Was Not Clearly Erroneous.**

Just as he did in his Memorandum in Opposition to the Motion, Defendant Kao extracts quotes from documents provided as evidence of the terms and conditions of the use of the Company Cellphone by PacMar.  However, just as he did previously, Defendant Kao omits the relevant portions of the Company's policies.  PacMar's stated policies clearly set forth that the Company Cellphone was subject to PacMar's right to "monitor equipment, systems, and network traffic at any time . . . ."  **Exhibit 3** to Motion at 8.

Defendant Kao similarly raises alleged issues with the dates on certain evidentiary documents.  However, conspicuously absent from Defendant Kao's Objections are any claim that he was not aware of the policies, and certainly not any such claims from 2018 to 2020, when Defendant Kao served as the President and CEO of PacMar, a role which included supervising and overseeing the development, implementation of, and compliance with said policies.  *See* Ota Supp. Decl. ¶ 7.

14

### D. **The Company Cellphone Data Is Not Defendant Kao's Work Product.**

Defendant Kao again raises inapplicable standards of law to liken the request by PacMar for the return of its property to a government search. PacMar is not a government entity, and is not bound by the restrictions placed on governmental entities in conducting a search and/or seizure of property, despite Defendant Kao's misplaced attempts to foist such burdens on PacMar. Nor is PacMar requesting any "government workproduct." Objections at 13.

Likewise, PacMar's request for the return of its own property is not akin to a FOIA request as Defendant Kao argues. Contrary to Defendant Kao's mischaracterizations, PacMar is only seeking the return of its *own* property insofar as the data stored on the Company Cellphone is PacMar's property and was, at all times, subject to PacMar's monitoring, inspection, and requests for return. *See* **Exhibit 3** to Motion at 8 ("For security and network maintenance purposes, Designated IT Personnel **will monitor equipment, systems, and network traffic at any time**, per Martin Defense Group's Monitoring and Systems/Communications Protection Policy." (emphasis added)); **Exhibit 4** to Motion ("At any time upon request by Company management, the employee **shall produce the mobile device for return** or inspection." (emphasis added)).

Defendant Kao further argues that PacMar's suggestion that the data be turned over via a Cellebrite report somehow converts the data from PacMar's property into

the "workproduct" that is "part of a continuing investigation and/or criminal action."

Objections at 14.  Again, despite Defendant Kao's mischaracterization of PacMar's

request for return of property (as is proper under Rule 41(g), *see* Motion at 6–7

(citing *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th

Cir. 2010), *overruled on other grounds in Demaree v. Pederson*, 887 F.3d 870 (9th

Cir. 2018) (per curiam)), the data itself is PacMar's property, and not the product of

the DOJ's investigation into Defendant Kao's criminal conduct.

Defendant Kao claims that a Cellebrite report is somehow more inclusive of

data and information stored on the Company Cellphone than the device itself.  This

argument is nonsensical.  Indeed, if the Company Cellphone had not been seized by

the DOJ, PacMar would have had the opportunity and the right to recover the

physical device, as well as to use any number of methods to recover any and all data

stored therein.   The reference to a Cellebrite report was made only on the

understanding that the data is portable in that form for return to PacMar by the DOJ,

which has stated its intention to keep the physical device.

Defendant Kao's attempts to cast the Motion as a "wide-net search for

information" are similarly baseless and mere conjecture.  As explained in the

Motion, as the then-President and CEO of PacMar at the time of his arrest, Defendant

Kao had access to critical business and proprietary information through his

Company Cellphone.  *See* Motion at 9–10.

### E.   The Specific Contents of the Cellphone Data Are Irrelevant To PacMar's Right To The Return Of The Property.

Defendant Kao correctly identifies the reasoning supporting Judge Trader's Order: "Mr. Kao had no reasonable expectation of privacy as to any of the data." Objections at 18.  He claims that Judge Trader could not have made such a finding "without knowing the types of personal files that were on the phone."  Defendant Kao again misses the point: he has no right to privacy because the Company Cellphone and Cellphone Data are PacMar's property, and PacMar had a right to access the Cellphone Data at any time.  *See* Discussion, *supra* § IV.A.

Defendant Kao's argument only further reinforces Judge Trader's sound reasoning and correct ruling: if Defendant Kao used the device for personal and/or non-work related reasons, he did so with the knowledge that he did not have any right to privacy when using the Company Cellphone.  The contents of a device do not give rise to any expectation of privacy, just as conducting criminal activity in an alley does not give rise to an expectation of privacy in that location.  Even if the contents are something that Defendant Kao wanted to keep private, it is the method and circumstance of the instrumentality that are relevant to the analysis.  In other words, even though Defendant Kao's Company Cellphone may contain information that he does not want to be revealed, it was his knowledge that he was using a Company-owned and controlled device that renders his claims of privacy invalid.

17

**F.    No Alternatives to a Complete Return of PacMar's Property Were Appropriate.**

Defendant Kao's final objection asserts that less drastic options to the DOJ's return of the Cellphone Data to PacMar were appropriate.  Again, Defendant Kao misses the point, as it's premised on the incorrect belief that he possessed a privacy interest in the Cellphone Data..  As stated in Magistrate Judge Trader's Order and discussed at length in prior briefs and herein, "[The Company Cellphone] and all of the business and personal data stored therein . . . , are the property of PacMar pursuant to PacMar's policies which were acknowledged by Defendant Kao and that Defendant Kao has no reasonable expectation of privacy with respect to the Cellphone Data."  Order at 2; *see also* Discussion, *supra* §§ IV.A and C.

Thus, all of the data which Defendant Kao claims should be "segregated" or reviewed by a special master, being the exclusive business property of PacMar, is not subject to segregation or further review. Ordering the return of PacMar's property is not a "drastic" measure by any means, it is simply the logical next step for the DOJ which has stated it is willing and able to return a copy of the Cellphone Data without delay.

**V.    CONCLUSION**

For the foregoing reasons, and any further adduced at the hearing on this matter, PacMar respectfully requests that the Court deny Defendant Kao's

Objections and affirm the Magistrate Judge's Order to return the data stored on the

Company Cellphone to PacMar.

DATED: Honolulu, Hawaii, March 23, 2023.

/s/  Jesse W. Schiel
DAVID M. LOUIE
JESSE W. SCHIEL

Attorneys for Movant
PACMAR TECHNOLOGIES LLC
f/k/a MARTIN DEFENSE GROUP,
LLC f/k/a NAVATEK LLC

19