# Exhibit B

**KOBAYASHI SUGITA & GODA, LLP**
DAVID M. LOUIE            2162
JESSE W. SCHIEL           7995
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone:  (808) 535-5700
Facsimile:  (808) 535-5799
E-mail:     dml@ksglaw.com;
            jws@ksglaw.com

Attorneys for Movant
PACMAR TECHNOLOGIES LLC f/k/a
MARTIN DEFENSE GROUP, LLC f/k/a
NAVATEK LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 21-00061 LEK |
|---|---|
| Plaintiff, | REPLY IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(G) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE; SUPPLEMENTAL DECLARATION OF JAMES TOSHIZO OTA; CERTIFICATE OF SERVICE |
| vs. | |
| MARTIN KAO, | |
| Defendant. | |

**REPLY IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO RULE 41(G) OF THE FEDERAL RULES OF <u>CRIMINAL PROCEDURE</u>**

Defendant Kao's Memorandum in Opposition [Dkt. No. 89] ("**MIO**") is fraught with attempts to mischaracterize PacMar's request for the return of its

property which is in the possession of the DOJ, while raising no actual or credible objections to the return of such property.[1] Defendant Kao raises only hypothetical and speculative objections based on these mischaracterizations and attempts to mislead the Court on the applicable standards of law relevant to this Motion. Contrary to Defendant Kao's unsupported allegations of fact, PacMar owned the cellphone in question and retained the right to monitor and inspect the cellphone at any time. Contrary to Defendant Kao's misplaced assertions of law, PacMar is neither a government entity seeking to investigate the cellphone nor is it requesting access to unknown information in the DOJ's possession. PacMar is simply seeking the return of its own property—that is it. For the reasons explained in greater detail below, Defendant Kao's arguments fail and the Court should grant the Motion.

I. **PacMar Owns Defendant Kao's Company Cellphone and Defendant Kao had No Reasonable Expectation of Privacy for Data on His Company Cellphone.**

As admitted to by Defendant Kao in his MIO, PacMar bought and paid for both the Company Cellphone and the ongoing service plan with Verizon. *See* MIO at 13; **Exhibit 5** to Motion at 2. Defendant Kao would have the Court ignore this fact, and argues instead that he "had possession and use of the phone." MIO at 13. However, Defendant Kao had the possession and use of the cellphone because it was

---

[1] All references and short titles used herein are the same as those used and identified in PacMar's Motion.

issued to him by PacMar, subject to the conditions and restrictions on use set forth in PacMar's Information System Security Policies and Procedures Manual and Employee Mobile Device Policy. *See* **Exhibits 3** and **4** to Motion. Under these policies, PacMar retained a right to "monitor equipment, systems, and network traffic at any time . . . ." **Exhibit 3** to Motion at 8. Defendant Kao therefore had no reasonable expectation of privacy for the data on his Company Cellphone, as PacMar had, at all times, a right to monitor and inspect such data to ensure proper use of the cellphone in furtherance of its business operations and security policies.[2] *See City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010) ("Even if he could assume some level of privacy would inhere in his messages, it would not have been reasonable for [the employee] to conclude that his messages were in all circumstances immune from scrutiny."); *accord Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 1000 (C.D. Cal. 2012) (explaining "the Supreme Court found [in *Quon*] that the employee 'had only a limited expectation' of privacy in the text messages" but not in the other data associated with an employer-owned cellphone).[3]

---

[2] PacMar, as a federal contractor, is in fact under a heightened duty to maintain the security of its information and equipment, beyond that of a typical private-sector employer. *See* Ota Supp. Decl. ¶ 6.

[3] Defendant Kao also suggests that his relinquishment of the cellphone to the DOJ was voluntary, *see* MIO at 13 ("It is believed Mr. Kao cooperated with the US."), further eroding any claims of an expectation of privacy in the cellphone and its data. *See United States v. Wahchumwah*, 710 F.3d 862, 867 (9th Cir. 2013) ("[A]

3

Defendant Kao also argues, without merit or any supporting evidence or authority, that the DOJ treated the Company Cellphone as his property when it was seized during his arrest. *See* MIO at 13. This is untrue. PacMar's communications with the DOJ, the DOJ's Response to this Motion [Dkt. No. 84], and the prior conduct of the DOJ in returning PacMar's other property seized at the time of Defendant Kao's arrest all belie these claims. *See, e.g.*, **Exhibit 9** to Motion (suggesting that PacMar file a motion for return of property in order to recover the data in question). Just as the DOJ returned PacMar's servers to it following the arrest of Defendant Kao, *see* Supplemental Declaration of James Toshizo Ota ("**Ota Supp. Decl.**") ¶ 5, which server included all of its employees' data and correspondences stored on it, so now is PacMar simply seeking the DOJ's return of its Company Cellphone.[4] PacMar's servers and company cellphones are both company property and, as it did with PacMar's server, the DOJ is prepared to return the Company Cellphone data to PacMar.[5]

---

defendant generally has no privacy interest in that which he voluntarily reveals to a government agent.").

[4] PacMar would be entitled to the return of the physical cellphone and all of its contents if not for the DOJ's stated position that the cellphone is being kept for use as evidence in further potential criminal matters.

[5] PacMar's policies treat all company-issued equipment, including computers, servers, accounts, and cellphones in the same way. *See* **Exhibit 3** to Motion at 7 ("Martin Defense Group sensitive information stored on electronic and computing devices whether owned or leased by Martin Defense Group, a User, or a third party, remains the sole property of Martin Defense Group.").

4

## II. Defendant Kao Has No Colorable Claim to Fifth Amendment Privilege or Other Constitutional Protections.

Defendant Kao states in his MIO that he is unable to testify as to any claims of privacy he may have over the data on the Company Cellphone (which, as explained above, he does not have) due to self-incrimination protections under the Fifth Amendment and similar state-level protections. It must be noted, however, that the DOJ already has in its possession the Company Cellphone and all data stored therein. As such, there is no possible threat of self-incrimination for any data stored on his Company Cellphone. Any incriminating evidence is already subject to use by the DOJ in the multiple criminal charges Defendant Kao is facing. Moreover, because Defendant Kao had no reasonable expectation of privacy on a company-issued device, *see* Discussion, *supra* § I, no testimony is required on his part as to "his history relating to cellphone use at the company; his recollection regarding the documents produced by Pacmar; his history relating to cell phone and the phone number; the reasons for any text message; his personal and business contacts; and other matters that may implicate the privilege against self-incrimination." MIO at 8.

Defendant Kao also attempts to force inapplicable standards into the Court's analysis, stating "Cellphone data is typically obtained only through a search warrant." MIO at 12. PacMar is not a governmental entity, and therefore does not require a warrant to recover data and information on its own property, much less the

5

ability to obtain one. Defendant Kao's cited caselaw makes this point clear: "Our answer to the question of what **police** must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." MIO at 12 (emphasis added) (quoting *Riley v. California*, 573 U.S. 373, 403 (2014)).

Nor is PacMar's request for the return of its own property akin to a FOIA request as Defendant Kao argues in his MIO at 9–10. Contrary to Defendant Kao's baseless statements, PacMar is indeed "seeking records on itself," insofar as the data stored on the Company Cellphone is PacMar's own property and was, at all times, subject to PacMar's monitoring, inspection, and requests for return. *See* **Exhibit 3** to Motion at 8 ("For security and network maintenance purposes, Designated IT Personnel will monitor equipment, systems, and network traffic at any time, per Martin Defense Group's Monitoring and Systems/Communications Protection Policy.").

Defendant Kao further argues that PacMar's suggestion that the data be turned over via a Cellebrite report somehow converts the data from PacMar's property into the "product of a criminal investigation." MIO at 11. Again, despite Defendant Kao's mischaracterization of PacMar's request for return of property (as is proper under Rule 41(g), *see* Motion at 6–7 (citing *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010), *overruled on other grounds in Demaree v. Pederson*, 887 F.3d 870 (9th Cir. 2018) (per curiam)), the data itself is

PacMar's property, and not the product of the DOJ's investigation into Defendant Kao's criminal conduct. The reference to a Cellebrite report was made only on the understanding that the data is portable in that form for return to PacMar by the DOJ.

### III. Defendant Kao Raises No Meaningful Objections to the Return of the Company Cellphone to PacMar.

Beyond effectively ignoring the fact that PacMar bought, paid for, and owns the Company Cellphone and has a right to a return of the data stored therein, and his attempts to inject inapplicable caselaw into his arguments, Defendant Kao raises only vague assertions that the evidence presented by PacMar is somehow deficient. Defendant Kao does not raise any specific objections and does not directly dispute that the Company Cellphone is owned by PacMar. Instead, Defendant Kao selectively quotes irrelevant portions of the PacMar (then Navatek) Employee Handbook in a transparent effort to distract the Court from the applicable clauses. The relevant language from the Employee Handbook is quoted in PacMar's Motion and is entirely ignored in Defendant Kao's Opposition. *See* Motion at 3 (quoting **Exhibit 1** to Motion at §§ C-22 and -23).

Defendant Kao cannot credibly argue that he was not aware of the policies, conditions, and restrictions on the use of the Company Cellphone, and certainly not as to the applicable company policies from 2018 and on, *see* Discussion, *supra* § I, when he was the President and CEO of PacMar (then MDG). *See* **Exhibits 3** and **4** to Motion. Defendant Kao was not just a typical employee who may or may not

7

have been aware of company policies. Indeed, he was the principal executive officer of the Company, in charge of supervising and overseeing the development, implementation of, and compliance with said policies. *See* Ota Supp. Decl. ¶ 7. Defendant Kao's attempts to misdirect the Court's analysis ring hollow and should be rejected.

## IV. Conclusion

For the foregoing reasons, as well as any further adduced at the hearing on this matter, the Motion should be granted and an order issued directing the return of PacMar's data from Defendant Kao's Company Cellphone.

DATED: Honolulu, Hawaii, February 10, 2023.

/s/ Jesse W. Schiel
DAVID M. LOUIE
JESSE W. SCHIEL

Attorneys for Movant
PACMAR TECHNOLOGIES LLC
f/k/a MARTIN DEFENSE GROUP,
LLC f/k/a NAVATEK LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 21-00061 LEK |
| Plaintiff, | SUPPLEMENTAL DECLARATION OF JAMES TOSHIZO OTA |
| vs. | |
| MARTIN KAO, | |
| Defendant. | |

### SUPPLEMENTAL DECLARATION OF JAMES TOSHIZO OTA

I, JAMES TOSHIZO OTA, declare and aver as follows:

1. I am over 18 years of age, am competent to make this declaration, and do so based upon personal knowledge, unless otherwise stated.

2. I was an employee of Navatek LLC during December of 2019, and my job title was Contracts Officer during this time. I am currently an employee of PacMar Technologies LLC (fka Martin Defense Group, LLC, fka Navatek LLC, hereinafter "**PacMar**"), and my job title is currently Contracts Officer and Comptroller.

3. I make this declaration in support of PacMar's Reply in Support of Motion for Return of Property Pursuant to Rule 41(G) of The Federal Rules Of Criminal Procedure (the "**Reply**").

4. In my foregoing roles or as an employee of PacMar, I am knowledgeable and familiar with the records of PacMar's employee policies, including PacMar's employee handbook and related company policies and procedures regarding the use of PacMar's property and equipment, including cellphones and related data.

5. Martin Kao was arrested in late 2020. Pursuant to search warrants based on alleged criminal activity of Martin Kao, my understanding is that federal agents seized PacMar's data servers and various computing equipment around that same time. My understanding is that once the federal agents had completed their investigation into the servers and computer equipment, within a few months, those items were returned to PacMar so that PacMar could use that equipment and the data stored therein for their intended business purposes. I am unaware of any objections made by any person to the return of the servers and/or computer equipment to PacMar.

6. PacMar is required to maintain a strict level of information and personnel security in order to maintain its status as a federal contractor. PacMar is also responsible for maintaining even further control of data and systems provided to its employees who have been given various levels of security clearance by the US Government agencies with whom PacMar contracts. These requirements are

mandatory on PacMar, and involve regular monitoring of data access and traffic by its employees.

7. As President and CEO of PacMar, Martin Kao was a core member of the executive team which regularly developed and refined PacMar's company-wide policies, including the data management policies. PacMar periodically reviews and updates these policies to conform with requirements mandated by federal agencies and organizations.

I declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, 2/10/2023.

_____
JAMES TOSHIZO OTA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN KAO,<br><br>Defendant. | CR. NO. 21-00061 LEK<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the date noted below, a copy of the foregoing document was duly served on the following parties via CM/ECF:

JENNIFER BILINKAS  Jennifer.Bilinkas@usdoj.gov
CRAIG S. NOLAN  craig.nolan@usdoj.gov
U.S. Department of Justice
District of Hawaii
300 Ala Moana Blvd., 6-100
Honolulu, Hawaii 96850

Attorney for Plaintiff
UNITED STATES OF AMERICA

VICTOR J. BAKKE  vbakke@bakkelawfirm.com
Law Office of Victor Bakke
Topa Financial Center
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813

Attorney for Defendant
MARTIN KAO

DATED: Honolulu, Hawaii, February 10, 2023.

/s/ Jesse W. Schiel
DAVID M. LOUIE
JESSE W. SCHIEL

Attorneys for Movant
PACMAR TECHNOLOGIES LLC
f/k/a MARTIN DEFENSE GROUP,
LLC f/k/a NAVATEK LLC