| | |
|---|---|
| CLARE E. CONNORS #7936<br>United States Attorney<br>District of Hawaii | GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Div., U.S. Dept. of Justice |
| CRAIG S. NOLAN<br>SYDNEY SPECTOR #11232<br>Assistant U.S. Attorney<br>Room 6100, PJKK Federal Building<br>300 Ala Moana Blvd.<br>Honolulu, Hawaii   96850<br>Telephone:   (808) 541-2850<br>Facsimile:   (808) 541-2958<br>Email: Craig.Nolan@usdoj.gov<br>          Sydney.Spector@usdoj.gov | JENNIFER BILINKAS<br>Trial Attorney<br>U.S. Dept. of Justice<br>Criminal Division, Fraud Section<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Telephone:   (202) 305-3928<br>Email: Jennifer.Bilinkas@usdoj.gov |

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       vs.<br><br>MARTIN KAO,<br><br>              Defendant. | )  Crim. No. 21-00061 LEK<br>)<br>)  ORDER OF FORFEITURE<br>)  (MONEY JUDGMENT) AND<br>)  PRELIMINARY ORDER OF<br>)  FORFEITURE (SPECIFIC<br>)  PROPERTY)<br>)<br>)<br>) |

ORDER OF FORFEITURE (MONEY JUDGMENT) AND
PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)

WHEREAS a multi-count Indictment was filed on May 6, 2021, charging

defendant Martin Kao with three counts of wire fraud, in violation of 18 U.S.C.

§ 1343 (Counts 1 through 3) and five counts of money laundering, in violation of 18 U.S.C § 1957 (Counts 4 through 8), and providing notice that, upon conviction, the government would seek forfeiture; and

WHEREAS, on or about September 7, 2022, without a plea agreement, defendant Martin Kao pled guilty to all the charges in the Indictment; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of a violation of 18 U.S.C. § 1343, which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of a violation of 18 U.S.C. § 1957 shall forfeit any property, real or personal, involved in such violation and property traceable to such violation; and

WHEREAS the United States seeks the entry of a forfeiture money judgment in the amount of $12,841,490.00 in United States currency (the "Forfeiture Money Judgment") and the forfeiture of all of defendant Martin Kao's right, title, and interest in the following property (the "Specific Forfeitable Property"), which was seized on or about September 30, 2020:

//
//

      i.      $693,986.72 seized from defendant's business operating account Central Pacific Bank Account No. xxxxxx9145;

      ii.      $8,000,000.00 seized from defendant's business investment account Merrill Lynch Account No. xxx-x3506;

      iii.      $2,000,000.00 seized from defendant's personal investment account Merrill Lynch Account No. xxx-x2641; and

      iv.      $20,200.00 from defendant's personal checking account First Hawaiian Bank Account No. xx-xx1787; and

WHEREAS the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the item i. of the Specific Forfeitable Property and the value of the Forfeiture Money Judgment are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to the offenses in violation of 18 U.S.C. § 1343 to which defendant Martin Kao has pled guilty, and the Court so finds; and

WHEREAS the items ii., iii., and iv. of the Specific Forfeitable Property and the value of the Forfeiture Money Judgment up to $10,020,200 are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) as property, real or personal, involved in the offenses in violation of 18 U.S.C. § 1957 to which defendant Martin Kao has pled guilty, and the Court so finds; and

3

WHEREAS, pursuant to the Indictment and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b)(1), it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture if, as a result of any act or omission of the defendant, any property subject to forfeiture:

(A)  cannot be located upon the exercise of due diligence;

(B)  has been transferred or sold to, or deposited with, a third party;

(C)  has been placed beyond the jurisdiction of the court;

(D)  has been substantially diminished in value; or

(E)  has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendant Martin Kao on the date it is entered by the Court, and it shall be made part of the sentence of defendant Martin Kao and shall be included in the judgment of conviction of defendant Martin Kao; and

Money Judgment

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461, defendant Martin Kao shall forfeit to the United States the sum of $12,841,490.00; and

THAT a money judgment in the amount of $12,841,490.00 (the "Forfeiture Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

THAT all payments on the Forfeiture Money Judgment shall be made by postal money order, bank check, or certified check made payable to the U.S. Department of the Treasury and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii 96850, with the defendant's name and criminal docket number noted on the face of the check; and

THAT upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b)(1), the U.S. Department of the Treasury shall be authorized to deposit the payments on the Forfeiture Money Judgment into the Treasury Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $12,841,490 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

THAT the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

Specific Property

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461, any and all interests of defendant Martin Kao in the following

Specific Forfeitable Property, which was seized on September 30, 2020, from defendant's various personal and business bank and investment accounts:

  i.  $693,986.72 seized from defendant's business operating account Central Pacific Bank Account No. xxxxxx9145;

  ii.  $8,000,000.00 seized from defendant's business investment account Merrill Lynch Account No. xxx-x3506;

  iii.  $2,000,000.00 seized from defendant's personal investment account Merrill Lynch Account No. xxx-x2641; and

  iv.  $20,200.00 from defendant's personal checking account First Hawaiian Bank Account No. xx-xx1787

are hereby forfeited to the United States of America; and

 THAT the Specific Forfeitable Property shall be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of the Specific Forfeitable Property; and

 THAT, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b)(1), the United States shall publish notice of this Order, and of its intent to dispose of the Specific Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendant, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

THAT if the forfeiture of the Specific Forfeitable Property, or any portion of it, becomes final, defendant Martin Kao will be entitled to a credit against the amount remaining due on the Forfeiture Money Judgment in the net amount of the Specific Forfeitable Property that is forfeited; and

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

THAT this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this August 31, 2023, at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA v. Martin Kao; Criminal No. 21-00061 LEK; "Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture (Specific Property)"