LAW OFFICE OF VICTOR J. BAKKE

VICTOR J. BAKKE          5749
700 Bishop Street, Suite 2100
Honolulu, Hawaii  96813
Telephone: (808) 369-8170
Facsimile: (808) 369-8179
E-Mail: vbakke@bakkelawfirm.com

Attorney for Defendant
MARTIN KAO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 21-00061 JAO |
|---|---|---|
| Plaintiff, | ) | **MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION FOR ORDER AUTHORIZING APPLICATION OF DEFENDANT'S BOND DEPOSIT TO PAYMENT OF SPECIAL ASSESSMENT AND RESTITUTION; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE** |
| vs. | ) | |
| MARTIN KAO, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN OPPOSITION TO UNITED STATES'
MOTION FOR ORDER AUTHORIZING APPLICATION
OF DEFENDANT'S BOND DEPOSIT TO PAYMENT OF
<u>SPECIAL ASSESSMENT AND RESTITUTION</u>**

COMES NOW, Defendant MARTIN KAO ("Defendant"), by and through

his undersigned counsel, and hereby respectfully submits his Memorandum in

Opposition to the United States' Motion for Order Authorizing Application of

1

Defendant's Bond Payment of Special Assessment and Restitution (ECF No. 132) as follows:

I.     **DISCUSSION**

28 USC Section 2024 – Withdrawal, states that no money deposited under section 2041 of this title shall be withdrawn except by order of the Court.

As of the filing date of the government's motion, there has been no request made by the Defendant or anyone else to have the bail released.

Instead, the Government has filed an anticipatory motion pursuant to 28 U.S.C. § 2044, to block the release of the bail money to the Defendant, or other parties, on the grounds that once the Defendant has surrendered, that the money should be held by the Court and applied to the Defendant's anticipated court ordered financial obligations.

Although the Court has authority pursuant to 28 U.S.C. § 2044, to hold and distribute the bail money, this Court cannot grant the Government's motion because the issue is not ripe for adjudication and because the Government has failed to meet the necessary conditions required by Section 2044.

28 U.S.C. § 2044 clearly states that " . . . on motion of the United States Attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to

2

be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant." 28 U.S.C. § 2044 (emphasis added).

Specifically, the Government's motion is premature because Section 2044 only allows the hold of the money for specific purposes which do not exist at the time of filing. Specifically, Defendant has not been sentenced and therefore there is no Court ordered assessment, fine, restitution, or penalty imposed upon the defendant that would allow the Court to hold the bail and distribute it to the U.S. Attorney as requested in the Government's Motion.

The Government's motion is also premature in that it requests that this Court distribute to the Government the full $2 million dollars without any justification or accounting as to what the Defendant's actual obligations are. This Court cannot sign an order giving the money to the U.S. Attorney and then hope the prosecutor gives the Defendant a refund later if it turns out that the $2 million dollars exceeded the Defendant's actual court ordered obligations.

The Government has also failed to satisfy the condition of Section 2044 that requires that the posted money belonged to the Defendant. In its motion, the Government does not identify the source of the money and does not address the issue of possible third-party claims to the funds such as marital assets and/or communal property since Defendant was married at the time the funds were deposited with the Court.

Although not directly on point, this issue was discussed briefly in <u>United States v. Sortini</u>, 497 Fed. Appx. 738, 739 (9th Cir. 2012) wherein the Court recognized that there may be situations in which Section 2044 may not apply if the money was incumbered prior to it being posted with the Court.

## II.   **CONCLUSION**

For the reasons set forth above, this Court must deny the Defendant's request motion because it is premature and/or does not satisfy the requirements of Section 2044.

DATED:  Honolulu, Hawaii, August 15, 2024.

> */s/ Victor J. Bakke*
> VICTOR J. BAKKE
>
> Attorney for Defendant
> MARTIN KAO