**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>MARTIN KAO,<br><br>    Defendant - Appellee,<br><br>---------------------------------------<br><br>TIFFANY JENNIFER LAM,<br><br>    Interested Party - Appellant. | No. 25-2435<br><br>D.C. No.<br>1:21-cr-00061-LEK-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 12, 2026[**]
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellant Tiffany Lam appeals the district court's denial of her claim to third party ownership interest in funds posted as bail to secure the pre-trial release of her husband Martin Kao.  She seeks to preclude the Government from applying the bail funds to Kao's restitution debt under 28 U.S.C. § 2044.  We affirm the district court's decision.

We have jurisdiction to review Lam's appeal of the district court's final decision under 28 U.S.C. § 1291.  We review the district court's interpretation of both federal and state law de novo.  *Conestoga Serv. Corp. v. Exec. Risk Indem.*, *Inc.* 312 F.3d 976, 981 (9th Cir. 2002); *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F. 3d 812, 820 (9th Cir. 2018).

Lam's argument boils down to whether she has a vested ownership interest in the bond money based on her oral marital contract in which she and Kao agreed to treat all their jointly and individually held assets as part of their marital estate.  There is no dispute that 28 U.S.C. § 2044 prohibits the application of bond payments made by "third part[ies]" to a defendant's restitution debt.  The question is whether Lam's purported ownership interest renders her a third party with a separate claim to some portion of Kao's bail money.  The answer requires inquiry into whether Lam in fact held any property rights with respect to the bank account from which the funds were drawn.

25-2435

Case: 25-2435, 02/17/2026, DktEntry: 34.1, Page 2 of 4

Under Hawaiʻi law, whether a spouse "owns" funds in a bank account is governed by ordinary principles of property law. *See Traders Travel Int'l, Inc. v. Howser*, 753 P.2d 244, 246–47 (Haw. 1988). A "married person may make contracts, oral and written . . . with the married person's spouse . . . in the same manner as if the married person were sole." Haw. Rev. Stat. § 572-22(a). Thus, in Hawaiʻi married couples may contract, even "regarding martial property rights." *Crofford v. Adachi*, 506 P.3d 182, 190 (Haw. 2022); *see also Epp v. Epp*, 905 P.2d 54, 61 (Haw. Ct. App. 1995).

Here, Lam has not established that she has a property right to these funds, as Kao was the sole owner of the account from which they were withdrawn. In Kao's affidavit, he attested to being the owner of the bail funds. Unlike property rights, which run against third parties, contract rights run only against the parties to the agreement. *Compare Sylva v. Wailuku Sugar Co.*, 19 Haw. 681, 683–84. (1909) (explaining that a property right is "a right availing against the world at large" (citation omitted)), *with Thomas v. State*, 562 P.2d 425, 427 (Haw. 1977) ("[I]t is axiomatic that one not a party to a stipulation may not be bound by it."). Thus, the oral agreement that Lam asserts she had with Kao was not an agreement giving Lam property rights to the account.

Equitable distribution is the default avenue by which ownership rights may vest between spouses in Hawaiʻi. *See, e.g. Gordon v. Gordon*, 350 P.3d 1008, 1017–

25-2435

Case: 25-2435, 02/17/2026, DktEntry: 34.1, Page 3 of 4

18 (Haw. 2015) (describing Hawai'i's equitable distribution approach); *Epp*, 902 P.2d at 62 (describing married spouses' ability to modify Hawai'i's default approach to property division in divorce).  But one spouse has no individual vested right to property held by the other spouse unless and until the two are endeavoring to divide their shared enterprise, namely, through a divorce proceeding.  *United States v. Real Prop. Located at 148 Maunalanikai Place in Honolulu, Haw.*, 2008 WL 3166799, at *8 (D. Haw. Aug. 6, 2008).  Under this path to ownership, Lam's particularized, vested interest in Kao's funds could only follow from a divorce trial in which a court has reviewed evidence and allocated property accordingly.  *See Malek v. Malek*, 768 P.2d 243, 246 (Haw. Ct. App. 1989).  Thus, Lam has no claim to the bail funds that are now in the Government's possession.

The district court's denial of Lam's objection is **AFFIRMED.**

4

Case: 25-2435, 02/17/2026, DktEntry: 34.1, Page 4 of 4